FILED

2018 MAR 21 PM 3:08

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VIKSAR, INC., a Florida corporation,

Plaintiff,

v.

THE HARTFORD STEAM BOILER
INSPECTION AND INSURANCE
COMPANY, a foreign corporation,

Defendant.

CASE NO. 6:18-CV-430-ORL-28-DCI

## PETITION FOR REMOVAL

Defendant, THE HARTFORD STEAM BOILER INSPECTION AND INSURANCE COMPANY ("HSB"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the action filed in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, which is styled as *Viksar, Inc. v. The Hartford Steam Boiler Inspection and Insurance Company*, with Case No. 05-2018-CA-014557, and in support thereof states as follows:

### STATE COURT ACTION

1. This is a civil action brought by the above-referenced Plaintiff for breach of an insurance contract, wherein the Plaintiff claims entitlement to coverage under an equipment breakdown policy issued to it by HSB.

2. The aforementioned lawsuit has been filed in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida. Brevard County is within the Middle District of Florida, and cases removed from Brevard County are properly venued in the Orlando Division pursuant to Local Rule 1.02(b)(3).

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct "copy of all process, pleadings, and orders served upon" HSB are attached hereto as **Composite Exhibit "A"**.

4. The present action was filed by the Plaintiff against HSB on or about February 2, 2018. The summons and complaint were served on HSB on or about February 9, 2018. However, the action did not become removable until March 16, 2018, as discussed further herein.

5. This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is subject to removal pursuant to 28 U.S.C. § 1441(b). This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

6. At all times relevant hereto, Plaintiff Viksar, Inc., is and was a Florida corporation with its principal place of business located in Cape Canaveral, Florida. Plaintiff is and was a citizen of Florida.

7. At all times relevant hereto, Defendant HSB, is and was a Connecticut corporation with its principal place of business located in Hartford, Connecticut. HSB is and was a citizen of Connecticut.

8. Accordingly, there is complete diversity between Plaintiff and Defendant, and this action may be removed to this Court by HSB, and this Court possesses removal jurisdiction of this action under the provisions of 28 U.S.C. § 1441. This Court has original jurisdiction of this action under the provisions of 28 U.S.C. § 1332.

CASE NO.

## AMOUNT IN CONTROVERSY

9. 28 U.S.C. § 1332 states that the district courts shall have original jurisdiction in all civil actions where, *inter alia*, the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

10. The present lawsuit involves a dispute as to whether HSB properly interpreted its policy as it applies to Plaintiff's claim. The Plaintiff is seeking insurance proceeds for property damage and attorneys' fees pursuant to Florida Statute §627.428. The subject HSB insurance policy provides Equipment Breakdown Insurance Coverage, subject to the terms and provision of the subject policy. A true and accurate copy of the HSB policy is attached hereto as **Exhibit "B"**. It is HSB's position that the Policy does not provide coverage for the Plaintiff's losses.

11. During the pendency of this action in Brevard County, on March 2, 2018, HSB served the Plaintiff with a request for admission, in which the Plaintiff was requested to admit or deny that "Viksar, Inc. is claiming more than $75,000.00 in damages, exclusive of interest and costs, as a result of the circumstances giving rise to this lawsuit." A copy of that request is attached hereto as **Exhibit "C"**.

12. On March 16, 2018, the Plaintiff admitted this request. A copy of the admission is attached hereto as **Exhibit "D"**.

13. Therefore, because the Plaintiff has admitted that the amount in controversy exceeds $75,000, the amount-in-controversy requirement for diversity jurisdiction is met.

## TIMELY FILED

14. The complaint filed in this case did not, on its face, establish the amount in controversy, as it only alleged damages "in excess of $15,000.00," which is the jurisdictional minimum for Florida Circuit Court.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

15. As a result, the timeline for removal in this matter is governed by 28 U.S.C. § 1446(b)(3), which provides, in relevant part, that "...if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of...other paper from which it may first be ascertained that the case is one which is or has become removable."

16. As previously stated, on March 16, 2018, HSB first ascertained that the case was removable when it received a response to its request for admission.

17. Pursuant to 28 U.S.C. § 1446(c)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

18. As a result, HSB had until April 16, 2018 to timely remove this case to federal court, which it did.

19. In accordance with 28 U.S.C. § 1446(c)(1), HSB filed the instant Petition for Removal within one year from the date that the Complaint was filed and served.

## VENUE

20. HSB seeks to remove to the United States District Court for the Middle District of Florida. Venue is proper in this district under 28 U.S.C. § 1441(a) and Local Rule 1.02(b)(3) because this district and division thereof includes the place where the removed action has been pending.

## MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

- 4 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

of $75,000, exclusive of interests and costs, and is between citizens of different states. . .

28 U.S.C. § 1441 reads, in relevant part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b)(2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State where such action is brought.

Where the amount in controversy is not specified in the complaint, the removing party must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am.*, Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). To establish federal diversity jurisdiction, a removing defendant may rely upon the factual representations of the plaintiff. See *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1314-15 (11th Cir. 2002). Discovery responses are considered "other paper" for purposes of removal, and may be properly relied upon for establishing the amount in controversy. *Bechtelheimer v. Cont'l Airlines, Inc.*, 755 F. Supp. 2d 1211, 1214 (M.D. Fla. 2010); 28 U.S.C. § 1446(c)(3)(A). Serving an answer and paper discovery in state court—as HSB did—does not constitute a waiver of the right to remove. *Bechtelheimer*, 755 F. Supp. 2d at 1214.

Here, the Plaintiff has admitted by way of its discovery responses that the amount in controversy exceeds $75,000. Therefore, because the parties are completely diverse and the amount-in-controversy requirement of 28 U.S.C. § 1332 is met, this action is removable and this Court has subject matter jurisdiction.

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

Further, "when a statute authorizes the recovery of attorneys' fees, a reasonable amount of those fees is included in the amount in controversy." *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 n.4 (11th Cir. 2003); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2008); *Leslie v. Conseco Life Ins. Co.*, No. 11-81035-CIV-MARRA, 2012 WL 4049965, at *3 (S.D. Fla. Sept. 13, 2012); *Wilson v. Time Ins. Co.*, No. 2:06-cv-147-FtM-99SPC, 2006 WL 2092259 (M.D. Fla. July 26, 2006); *Kneebusch v. Mut. of Omaha Ins. Co.*, No. 8:06-CV-1976-T-17TBM, 2007 WL 1174121 (M.D. Fla. Apr. 18, 2007). Accordingly, because Fla. Stat. § 627.428, which the Plaintiff cites in its Complaint against HSB, authorizes the recovery of attorneys' fees, a reasonable amount of those fees can and should be included in the amount in controversy.

Accordingly, taking into account all elements of damages the Plaintiff seeks in its Complaint, plus its admission that it is seeking an amount in excess of the jurisdictional limit, including reasonable attorney's fees pursuant to Fla. Stat. § 627.428 against HSB, the amount in controversy clearly exceeds $75,000.00, exclusive of interest and costs, and this court has jurisdiction to hear this case.

## CONCLUSION

This action meets all the requirements for removal from the State Court to Federal Court. This is an action between citizens of different states; HSB is not and never was a citizen of Florida; the matter in controversy is in excess of this Court's jurisdictional amount of $75,000, exclusive of interests and costs; and Defendant's instant Petition for Removal is being filed timely.

- 6 -

FOWLER WHITE BURNETT P.A. • ONE FINANCIAL PLAZA, SUITE 2100, 100 SOUTHEAST THIRD AVENUE, FORT LAUDERDALE, FL 33394• (954) 377-8100

CASE NO.

WHEREFORE, Defendant, The Hartford Steam Boiler Inspection and Insurance Company hereby petitions this Court for removal of this action to the United States District Court for the Middle District of Florida, and requests that such removal be hereby effectuated.

Dated: March 20, 2018

Respectfully submitted,

/s/ Rory Eric Jurman
Rory Eric Jurman
Fla. Bar No. 194646
Email: rjurman@fowler-white.com

Aaron M. Dmiszewicki
Fla. Bar No. 111455
Email: admiszewicki@fowler-white.com

FOWLER WHITE BURNETT, P.A.
One Financial Plaza, Suite 2100
100 Southeast Third Avenue
Fort Lauderdale, Florida 33394
Telephone: (954) 377-8100
Facsimile: (954) 377-8101